UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Syncere Rivera, #318979, *a/k/a Kenneth Rivera,*<br><br>Plaintiff,<br><br>vs.<br><br>Agency Director, William R. Byars, Jr.; SCDC Nutritionist, Marcia Fuller; Head Kitchen Supervisor, Evelyn Barber; Warden Robert Stevenson, III,<br><br>Defendants. | C/A No.: 8:12-2318-JMC-JDA<br><br>Report and Recommendation |

Plaintiff Kenneth Syncere Rivera, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Broad River Correctional Institution ("BRCI"), a facility run by the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

## **BACKGROUND**

Plaintiff alleges he submitted a form while he was incarcerated at Allendale Correctional Institution to become a vegetarian. He was told he would be placed on the "no-meat roster" on July 15, 2010. He was subsequently transferred to BRCI where he claims his request "did not follow [him]." Plaintiff alleges that, at the time, he "did not bother" to request to "get it back" and would "flush the meat down the toilet" or give it away. Plaintiff alleges he finally requested a "no-meat" diet again on November 21, 2011.

On March 3, 2012, BRCI was on "institutional lockdown." On that day, Plaintiff did not receive his regular "no-meat" diet, but instead received a bag lunch with meat, bread

and egg products. Plaintiff alleges he returned the bag, forfeited his meal, and filed a grievance form two days later. Plaintiff further alleges that the day after the lockdown things returned to normal, but he was "missing one vegetable, when [he] should have received two." Plaintiff alleges BRCI was locked down again on April 20, 2012 and he again received a bag lunch. Plaintiff also complained about portion sizes on March 12, 2012, and again on July 16, 2012 where Plaintiff states he received one vegetable, a half scoop of dry rice and two pears. Plaintiff further alleges that, at the time of filing, he had not received his B-12 vitamin drink since July 13, 2012. Based on these allegations, Plaintiff seeks money damages. A review of the attachments shows that only bag lunches are provided when inmates are locked down, with the exception of inmates with disabilities and those on dialysis.

## **DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Although prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Although "prisoners do not shed all

3

constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted). The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Id.* at 482. The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to state a viable conditions-of-confinement claim an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of "deliberate indifference." *Farmer*, 511 U.S. at 834. These elements have also been described as the "objective component" and the "subjective component." *Wilson v. Seiter*, 501 U.S. 294 (1991). The objective component examines the gravity of the alleged deprivation. *Hudson v. McMillian*, 503 U.S. 1 (1992). The subjective component is the state of mind the prison official(s) allegedly had when they violated a plaintiff's rights.

 Decisions of the United States Court of Appeals for the Fourth Circuit provide more detailed guidelines for the analysis of Plaintiff's claims. The objective conditions must rise to the level of a deprivation of a basic human need such as food, warmth, or exercise. *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). In *Strickler v. Waters*, 989 F.2d 1375 (4th Cir.1993), the Court said that an inmate complaining about prison conditions must

show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant harm. While these conditions standing alone may not constitute cruel and unusual punishment, they may constitute an Eighth Amendment violation if considered in aggregate, *see McElveen v. County of Prince William*, 725 F.2d 954 (4th Cir. 1984). The United States Supreme Court has cautioned, however, that to be considered in aggregate, conditions must have mutually enforcing effects that produce deprivation of a single, identifiable need such as food, warmth, or exercise. *See Wilson v. Seiter,* 501 U.S. 294 (1991).

The Prison Litigation Reform Act (PLRA) of 1996 placed an important limitation upon all civil actions for compensatory damages arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e) no recovery of compensatory damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

*See Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003)(§ 1997e's "injury" provision requires more than *de minimus* injury); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997)(same).[1]

Keeping the above principles in mind, Plaintiff's allegations about his diet at BRCI are insufficient to state any Eighth Amendment claim upon which this Court could grant relief. As the United States Court of Appeals for the First Circuit has observed: "Complaints

---

[1] There is considerable authority for the proposition that § 1997e(e)'s physical injury requirement is not applicable to § 1983 claims for nominal or punitive damages, or for injunctive or declaratory relief. *Mitchell v. Horn*, 318 F.3d at 533-34 (collecting cases).

based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation." *Pavilonis v. King*, 626 F. 2d 1075, 1078 (1st Cir. 1980). By way of factual allegations, the Plaintiff specifically refers to only a few matters: That he received a bag lunch on two occasions, and that on three occasions he did not receive two vegetables, but instead only one. These incidents spanned a period of time from November 21, 2011, when he requested a "no-meat" diet at BRCI, until he filed his Complaint on August 15, 2012, a period of almost nine (9) months. The B-12 drinks were unavailable from July 13, 2012 until the date of filing, a period of less than one month.

None of Plaintiff's allegations show that he was subjected to any type of serious or substantial physical harm resulting from these minor and infrequent changes to his diet. He does not provide any supporting facts showing the nature and extent of any negative effects these changes have had upon him and they are therefore insufficient to show the requisite injury for any viable Eighth Amendment claim. *Hause v. Harris*, No. 0:07-270-JFA-BM, 2008 WL 216651 at *8 (D.S.C. Jan. 23, 2008) (citing cases which explain that if a plaintiff considered food inedible or inadequately warmed, or cold diet without fruits and vegetables for a short period of time, do not state a claim for inadequate nutrition). Since Plaintiff's Complaint, liberally construed, fails to set forth any serious and substantial physical injury to Plaintiff from the conditions complained of his case must be summarily dismissed.

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the

above-captioned case *without prejudice* and without issuance and service of process.

s/ Jacquelyn D. Austin
Jacquelyn D. Austin
United States Magistrate Judge

September 10, 2012
Greenville, South Carolina

***The Plaintiff's attention is directed to the important NOTICE on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).